T.C. Summary Opinion 2003-135


UNITED STATES TAX COURT


RALPH M. CONLON AND ROSEMARY L. CONLON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15759-02S.            Filed September 29, 2003.


Ralph M. Conlon and Rosemary L. Conlon, pro sese.

Irene S. Carroll, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of sections 6330(d) and 7463.[1]  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent issued to petitioners a Notice of Determination
Concerning Collections Action(s) Under Section 6320 and/or 6330

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986 as amended.

for unpaid Federal income tax and related liabilities for 1991.

The issues for decision are:

(1) Whether petitioners may challenge the existence or amount of their underlying tax liability for 1991. We hold that they may not.

(2) Whether respondent abused his discretion in refusing to accept petitioners' offer in compromise. We hold that he did not.

Background

Some of the facts have been stipulated, and they are so found. Petitioners resided in Canyon Country, California, at the time that their petition was filed with the Court.

On October 16, 1992, petitioners jointly filed a Form 1040, U.S. Individual Income Tax Return, for 1991. The address given on the 1991 return was 27424 Sand Canyon Road, Canyon Country, California, 91351 (Sand Canyon Road address). Petitioners also used the Sand Canyon Road address for the filing of their 1992 tax return.

On or about June 23, 1993, respondent notified petitioners that their 1991 tax return had been selected for examination.

During the examination of petitioners' 1991 income tax return, petitioners signed and filed with the Internal Revenue Service a Form 2848, Power of Attorney and Declaration of Representative, naming Bruce M. Mark (Mr. Mark) as their

representative.  Mr. Mark had been petitioners' accountant for approximately 25 years.  The Form 2848 was signed by petitioners and Mr. Mark and dated October 6, 1993.  The Form 2848 provided that "Notices and other written communications will be sent to the first representative listed in line 2."  Mr. Mark was the first, and only, representative listed in line 2.

During October 1993, petitioners moved to Wellington, Nevada.  Petitioners did not notify respondent of their new address prior to August 26, 1994.

On August 26, 1994, respondent sent a notice of deficiency to petitioners at the Sand Canyon Road address.  On that same date, a copy of the notice of deficiency was sent to Mr. Mark. In the notice, respondent determined a deficiency in petitioners' income tax and an accuracy-related penalty for the taxable year 1991 in the amounts of $8,026 and $533.60, respectively. Petitioners did not receive the notice of deficiency; in contrast, Mr. Mark received the copy that was sent to him.

On November 3, 1994, Mr. Mark prepared petitioners' 1993 tax return using their Wellington, Nevada, address.

After the notice of deficiency was issued, but prior to the end of the 90-day period in which petitioners could file a petition with this Court, Mr. Mark contacted respondent's Examination Division on several occasions with respect to respondent's deficiency determination.  Thus, on November 1,

1994, Mr. Mark telephoned to request audit reconsideration. During a second telephone conversation on November 18, 1994, Mr. Mark indicated that he would be providing additional information to counter respondent's deficiency determination. At that time, respondent's agent informed Mr. Mark that the last day to file a petition with the Court was November 24, 1994.[2]

Neither petitioners nor Mr. Mark contested respondent's determinations in the notice of deficiency by filing a petition with this Court.

On March 6, 1995, respondent assessed against petitioners the deficiency and penalty determined in the notice of deficiency, together with statutory interest, and thereafter began collection proceedings against petitioners.

On November 1, 2001, respondent issued to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), pursuant to sections 6330(a) and 6331(d)(2), pertaining to petitioners' outstanding liability for 1991.

On November 5, 2001, petitioners submitted a Form 656, Offer in Compromise, to respondent. Petitioners did not check any of the boxes under the reason for submission of the offer--doubt as to liability, doubt as to collectibility, or effective tax

---

[2] Nov. 24, 1994, was Thanksgiving Day; accordingly, the last day was Nov. 25, 1994. See sec. 7503.

administration. Petitioners checked the box for "Deferred Payment Offer (Offered amount will be paid over the life of the collection statute)". Petitioners offered to pay the tax deficiency without paying any penalty or interest. Petitioners listed the monthly payment as $300 for a total of 27 months.

After submitting the offer in compromise, petitioners submitted to respondent a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Petitioners listed a total balance in their bank accounts of $10,466.65. Petitioners also listed owning outright a house valued at $400,000 and a car valued at $14,000. Petitioners listed their monthly income as $1,538 and their monthly expenses as $990.

On November 21, 2001, petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing, and requested a hearing with respondent's Appeals Office. Petitioners' stated objections in the Form 12153 concerned the underlying tax liability for 1991 and the offer in compromise that they had previously submitted.

Appeals Officer Michael Glyer was assigned petitioners' case. Appeals Officer Glyer determined that petitioners were not entitled to contest their underlying tax liability. Appeals Officer Glyer also reviewed the offer in compromise based on the financial information submitted by petitioners and determined

petitioners' offer in compromise could not be accepted because they could pay their tax liability in full.

On September 11, 2002, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) notifying petitioners of the determination to proceed with collection of the 1991 income tax liability.

On October 7, 2002, petitioners filed a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d) (the petition). In the petition, petitioners allege, in part:  "In 1991, we had over a 200,000 loss * * *.  We feel we are entitled to the full loss. * * * The letter of deficiency was sent to our tax representatives, we have no knowledge of result's [sic]."

Respondent contends:  (1) Petitioners cannot dispute their underlying 1991 tax liability; and (2) there was no abuse of discretion by respondent in refusing to accept petitioners' offer in compromise.

Discussion

A.  Underlying Liability

In general, section 6330 prohibits the Commissioner from proceeding with collection by levy until the taxpayer has been given notice and an opportunity for an administrative review of the matter (in the form of a hearing before the Internal Revenue Service's Office of Appeals).  If the Commissioner issues a

determination letter to the taxpayer following an administrative hearing, section 6330(d)(1) allows the taxpayer to file a petition for judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). We have jurisdiction over this matter because petitioners filed a timely petition for review of respondent's determination to proceed with collection by levy. Sec. 6330(d)(1); Lunsford v. Commissioner, 117 T.C. 159 (2001); Sarrell v. Commissioner, 117 T.C. 122 (2001); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determination, we have held that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, supra; Goza v. Commissioner, supra at 181-182. Where the validity of the underlying tax liability is not properly placed at issue, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

Section 6330(c)(2)(B) provides that the underlying tax liability is properly at issue only if the taxpayer did not

receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

B.  Receipt of Notice of Deficiency

For purposes of section 6330(c)(2)(B), receipt of a statutory notice of deficiency means receipt in time to petition this Court for redetermination of the deficiency determined in such notice.  Sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.  It is therefore clear that section 6330(c)(2)(B) contemplates actual receipt of the notice of deficiency by the taxpayer.  See Tatum v. Commissioner, T.C. Memo. 2003-115.

In the instant case, respondent mailed, by certified mail, a notice of deficiency to petitioners at the Sand Canyon Road address.  However, petitioners did not receive the notice of deficiency.

C.  Otherwise Had an Opportunity To Dispute

Respondent contends that petitioners, through the execution of the power of attorney with Mr. Mark and his involvement as their representative in their case, "otherwise had an opportunity to dispute" their 1991 tax liability for purposes of section 6330(c)(2)(B).

Under the common law of agency, authority may be granted by an express statement or may be derived from implication of the principal's words or deeds.  See John Arnold Executrak Sys., Inc.

v. Commissioner, T.C. Memo. 1990-6 (citing 1 Restatement, Agency 2d, sec. 26 (1957)). The scope of an agent's authority is evaluated in an objective manner, taking into consideration what a reasonable person in the agent's position would conclude that the principal intended, regardless of whether that is what the principal actually intended. See id.

In order to bind the principal, the agent must either have actual or apparent authority, or the principal must ratify the agent's acts. See Trans World Travel v. Commissioner, T.C. Memo. 2001-6. Authority is examined taking into account all the circumstances, including the relationship of the parties, the common business practices, the nature of the subject matter, and the facts of which the agent has notice concerning objects the principal desires to accomplish. See id. (citing Restatement, supra at sec. 34).

The extent of an agent's authority is a factual question to be decided on the basis of all the facts and circumstances revealed by the record. Adams v. Commissioner, 85 T.C. 359, 369-373 (1985); Kraasch v. Commissioner, 70 T.C. 623, 627-629 (1978); 1 Restatement, Agency 2d, sec. 34 (1957).

This Court has held that a representative, acting under an actual or apparent grant of authority from the taxpayer, has the requisite authority to petition this Court in the name of the taxpayer. See Kraasch v. Commissioner, supra (taxpayer's agent

was authorized to file a petition with this Court); Shopsin v. Commissioner, T.C. Memo. 1984-151 (taxpayers' accountant had acted within scope of his employment in signing the petition and as taxpayers' authorized agent in filing the petition), affd. without published opinion 751 F.2d 371 (2d Cir. 1984).

Mr. Mark had been petitioners' accountant for more than 25 years. Mr. Mark prepared petitioners' 1991 tax return. Petitioners, through the execution of Form 2848, gave actual authority to Mr. Mark to handle all of their tax matters with respect to their 1991 taxable year. Mr. Mark acted within the scope of his agency when he handled, on behalf of petitioners, the examination of their 1991 taxable year.

Mr. Mark received a copy of the notice of deficiency for 1991 from respondent. After receiving the notice of deficiency, Mr. Mark contacted respondent requesting audit reconsideration. Mr. Mark was also informed by respondent as to the last date on which a petition could be filed on behalf of petitioners with the Court. Although authorized, Mr. Mark did not avail himself of the opportunity to file a petition with this Court on behalf of petitioners to dispute their underlying tax liability for 1991.

The record is clear that petitioners explicitly granted to Mr. Mark the authority to act on their behalf with respect to their 1991 taxable year through Form 2848. We are convinced that petitioners had, or should have had, sufficient knowledge of the

status of their case and that they gave their consent and approval to Mr. Mark's acts.  See <u>Kraasch v. Commissioner</u>, <u>supra</u> at 629.  Accordingly, if Mr. Mark failed to file a petition with this Court on behalf of petitioners, any prejudice is attributable to the inaction of their agent.

We hold that petitioners otherwise had an opportunity to dispute their underlying tax liability for 1991 through their representative.  Thus, petitioners are not entitled to dispute their underlying tax liability for 1991.  Sec. 6330(c)(2)(B).

D.  <u>Offer in Compromise</u>

As stated above, a taxpayer is entitled to notice before levy, including notice of the right to a fair hearing before an impartial officer of the Internal Revenue Service Office of Appeals.  Secs. 6330(a) and (b), and 6331(d).  If the taxpayer requests a hearing, he or she may raise in that hearing any relevant issue relating to the unpaid tax or the proposed levy, including an offer in compromise.  Sec. 6330(c)(2)(A).  A determination shall be made that shall take into consideration those issues, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3)(C).

In the instant case, petitioners question whether the

Appeals Office failed to properly consider their proposed offer in compromise. We review respondent's action for abuse of discretion, on the basis of the arguments and information available to the Appeals officer when the discretion was exercised. See Sego v. Commissioner, 114 T.C. at 610.

The Appeals officer reviewed the financial information provided to him by petitioners and determined that he was unable to accept petitioners' offer in compromise. Specifically, the Appeals officer's determination was predicated on a financial analysis of petitioners' monthly income and expenses, assets, and ability to pay, based on data provided by petitioners on Form 433-A. Petitioners offered to pay $8,026 on a total liability that as of March 24, 2003, was in excess of $21,000. Respondent concluded that the net realizable equity in petitioners' assets was considerably greater than the amount offered in compromise. See Schenkel v. Commissioner, T.C. Memo. 2003-37.

Based on financial information petitioners provided, respondent rejected their offer in compromise. We find this action to be a reasonable exercise of discretion by respondent in administering the offer in compromise program.

E.    Conclusion

There is no basis in the record for the Court to conclude that respondent abused his discretion with respect to any of the

matters in issue.  Accordingly, for the reasons discussed above, respondent's determination to proceed by levy with the collection of petitioners' outstanding liability for 1991 should be sustained, and we so hold.

We have considered all of petitioners' arguments and contentions that are not discussed herein relating to whether respondent may proceed with collection with respect to petitioners' outstanding liability for 1991, and we find those arguments and contentions to be without merit and/or irrelevant.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.